IN the MATTER OF the BAR ADMISSION OF:

Clifford R. SPOTT, Petitioner,

v.

BOARD OF BAR EXAMINERS, Respondent.

Supreme Court

*No. 99–1375–BA. Submitted on briefs January 7, 2000.—Decided February 15, 2000.*

## 2000 WI 10

(Also reported in 605 N.W.2d 553.)

For the petitioner, there was a brief by *Clifford R. Spott*, Milwaukee.

For the respondent, the cause was submitted on the brief of *Karen E. Timberlake*, assistant attorney general, and *James E. Doyle*, attorney general.

¶ 1. PER CURIAM. This is a review, pursuant to SCR 40.08(5),[1] of the adverse determination of the Board of Bar Examiners (Board) that Clifford R. Spott failed to satisfy the legal competence requirement for bar admission by examination. That determination was based on Mr. Spott's failure to achieve a passing score on the February 1999 Wisconsin bar examination. In addition to that determination, Mr. Spott sought review of the Board's denial of his request that it waive the requirement that an applicant for bar admission on examination establish legal competence by receiving a passing score on the bar examination. The Board had determined that Mr. Spott did not establish that his was an exceptional case or show good cause that failure to waive the requirement in his case would be unjust.[2]

¶ 2. We affirm the determinations of the Board. There is no merit to Mr. Spott's argument that the Board impermissibly established a separate passing score for each of the two discrete portions of the bar examination. Likewise meritless is his contention that

---

[1] SCR 40.08(5) provides:

(5) A petition to the supreme court for review of an adverse determination of the board under this rule shall be filed with the clerk within 30 days of the date on which written notice thereof was mailed to the applicant.

[2] Supreme Court Rule 40.10 authorizes the Board to waive certain bar admission requirements "in exceptional cases and for good cause if failure to waive the requirement would be unjust."

the Board abused its discretion in failing to find that he established grounds for waiver of the passing examination score requirement for bar admission.

¶ 3. The facts in this matter are not in dispute. For the February 1999 bar examination, the Board established the score of 127 on the essay portion and the combined score of 254 on the essay portion and the Multistate Bar Examination as requirements for certification of satisfaction of the legal competence requirement for bar admission. While Mr. Spott achieved a combined score of 259 on that examination, his score on the essay portion was 123 — 4 points below the passing score for that portion.

¶ 4. When informed by letter of April 2, 1999, that he failed to obtain a passing score on the examination, Mr. Spott asked the Board to waive the requirement that he receive a score of 127 on the essay portion, contending that the rule, SCR 40.04(7),[3] specifies that the Board is to establish *the* passing score for *the* bar examination and that *the* passing score for the February 1999 examination was 254, regardless of the score obtained on the essay portion of the examination. As grounds for his waiver request, he asserted that he had successfully written bar examinations in three jurisdictions and has been admitted to practice law and is in good standing in two of them and would have been in the third but for his failure to take the attorney's oath and pay applicable fees. He stated further that he graduated from law school almost 25 years ago and achieved his scores on the Wisconsin examination "without substantial study and without a bar review

[3] SCR 40.04(7) provides:

(7) The board shall establish the passing score for the bar examination in advance of each examination and shall advise each applicant of the score so established.

course." Finally, he noted that he is the sole support of 8 children and that after many years out of the country, where he was engaged in study and foreign law practice, he recently moved his family to Wisconsin.

¶ 5. The Board informed Mr. Spott by letter of May 13, 1999, that it denied his request for waiver, as he did not show that he represented an exceptional case or show good cause that failure to waive the bar examination requirement would be unjust. Mr. Spott then commenced this review.

¶ 6. Mr. Spott first argued that the unambiguous language of SCR 40.04(7) does not authorize the Board to establish more than one passing score for the bar examination. He acknowledged that, pursuant to the rule, the Board established the "overall" score of 254 and the essay score of 127 prior to administering the February 1999 examination, but he contended that the essay portion is merely one component of the total bar examination and that the Board had no authority to establish a "passing score" for that or, presumably, the other portion of the examination —the Multistate Bar Examination. To the contrary, the Board asserted that establishing separate passing scores for the discrete portions of the bar examination is consistent with the purpose of each of those portions, as each covers different areas of the law. One is a nationally-prepared multiple choice examination; the other is an essay examination on Wisconsin law. Accordingly, the Board contended, as an examinee's success on the Multistate Bar Examination portion does not demonstrate knowledge and ability in respect to Wisconsin law, the Board properly attempts to evaluate the success of a bar admission applicant on each portion of the examination separately.

¶ 7.  We agree. Mr. Spott's reliance on the use of the singular "passing score" in SCR 40.04(7) for the proposition that the Board lacks authority to establish separate passing scores for separate portions of the examination it administers is unjustified. Such a narrow reading of the rule would unduly impede the Board in carrying out its responsibility to assess the legal competence of those seeking to be licensed by this court to practice law in this state and represent Wisconsin citizens.

¶ 8.  On the issue of waiver of the passing score requirement for bar admission on examination, the Board properly exercised its discretion in determining that Mr. Spott failed to demonstrate that his was an exceptional case, that there was good cause for a waiver, or that failure to grant waiver would be unjust. There was nothing in his individual circumstances that set him apart from any other person who failed to achieve the requisite score on the bar examination. Moreover, as the Board pointed out, Mr. Spott has another avenue of bar admission available to him: he may apply for admission on the basis of his legal practice in other jurisdictions where he has been admitted to the practice of law, subject to the requirements set forth in SCR 40.05.

¶ 9.  It is unnecessary that we address the two constitutional arguments Mr. Spott set forth in his brief, based on his right to travel and his right to equal protection in respect to persons eligible for bar admission on the diploma privilege under SCR 40.03. He neither developed nor supported with relevant case law either of those arguments.

¶ 10.  Having determined that the Board had the authority to establish a separate passing score for the essay portion of the Wisconsin bar examination in

addition to the overall passing score for the entire examination and properly exercised its discretion in denying Mr. Spott's request for a waiver of the passing score requirement for admission on bar examination, we affirm the Board's determinations.

¶ 11. IT IS ORDERED that the determination of the Board of Bar Examiners that Clifford R. Spott failed to satisfy the legal competence requirement for bar admission on examination is affirmed.